BOBO and JOHNSON *versus* THOMPSON.

1. On *certiorari* bringing up, to the Circuit or county court, the judgment of a justice of the peace; no matter can be considered subsequent to such judgment.
2. So, *certiorari* is not grantable, to determine a question, on the payment of an execution.
3. It is no satisfaction of a judgment, to pay the amount thereof to an officer, after he has returned the execution issued thereon.
4. Nor to pay the amount thereof, to such officer, *before* the issuance of execution.
5. An officer to whom an execution is directed, has no authority to receive specific property, of any kind, in payment thereof.

This was a proceeding, in the County court of Franklin, on *certiorari*, bringing up, before that court, the judgment of a justice of the peace. The validity of the judgment was not contested, on the trial; but it was sought to be proved, that the amount of

the judgment had been paid, to one Olive, the constable.

The facts were, that, after Olive had returned the execution, *nulla bona,* he received from the defendant, pork, in satisfaction of it.

The court ruled this defence bad, and rendered judgment for the plaintiff in the judgment.

On exceptions, the case came before this court.

*Martin,* for plaintiff—*Ellis, contra.*

LIPSCOMB, C. J.—In this case, a judgment had been rendered by a justice of the peace, of Franklin county, against Bobo, in favor of Thompson; and an execution placed in the hands of a constable, who returned it to the justice of the peace, "no property found." About twelve months after the execution had been so returned, Bobo paid the same constable who had held the execution, the amount thereof, in pork, and took his receipt, in full. He admits, that he knew the execution had been returned to the justice, not satisfied; but, alleges, that he believed, at the time he obtained the constable's receipt, that an alias execution was then in the hands of that officer. After the payment so made, an alias execution was sued out, and placed in the hands of another constable. The plaintiff in error, Bobo, on this statement of facts, asked for, and obtained a *certiorari,* from the judge of the county court; and, on the return of the *certiorari,* the whole matter of the payment to the constable was inquired into, and the county court gave judgment in favor of Thompson.

It is quite clear, that the judge of the county court, ought not to have granted the *certiorari.* He

assumed not, to inquire into the grounds, on which the justice of the peace had rendered his judgment, nor into its correctness; but, whether it had not been paid.—This he had no authority to do. The *certiorari* brought up the judgment of the justice of the peace, and on its hearing, no matter, subsequent to such judgment, could be examined. No injury resulted, though, to Thompson, as the judgment of the county court was in his favor. On this ground, then, the judgment would be affirmed.

On the trial, in the Circuit court, several points were made, some of which will be noticed.

It was contended, that payment, made by the defendant in an execution, to a constable, who has once had an execution in his hands, after the return of such execution, "no property found," is a discharge of the defendant.

The only authority the constable could ever have had, as constable, to collect the money, was derived from the execution: when that was returned to the justice of the peace, his authority ceased. If payment was made to him afterwards, his securities could not be held responsible, for the misapplication of such payment. So, also, if payment is made to him, before execution, it is not to him, in his official capacity, because he had no right to demand it. If payment is made, under a presumption that he is authorised to receive it, the defendant has no recourse, only on the individual responsibility of the constable. His securities are only liable, for such consequences, as may arise from his official acts. If the constable has authority to receive the money, his securities are answerable for his paying it over, to the party entitled to receive it.

It was contended, that the constable's right to collect the money, was to be inferred; and that, when he professed to have authority, to collect it, the defendant had no right to question such authority.

Such presumption, will not protect the defendant: if he pays, it is on the responsibility of the officer; and the plaintiff cannot be driven to seek satisfaction from an officer, who was not authorised to collect the money.

It was further contended, that the payment, in property, in pork; as was made, in this case, was good, in satisfaction of the judgment.

No such trade and traffic with the constable can be encouraged. When he receives an execution, his duty is clear—if the money is not paid, he should proceed to levy on the defendant's property, if to be found. His securities are not to be held responsible, for his improvident bargains.

Let the judgment be affirmed.